## PEVERLY *vs.* SAYLES.

The statute exempting from attachment the necessary wearing apparel for immediate use, exempts suitable apparel for labor, with an extra suit for days of religious worship, and an overcoat at all seasons of the year.

TRESPASS, for taking an outside, or surtout coat, and a dress coat, the property of the plaintiff.

The defendant plead the general issue, and filed a brief statement, that he was a constable of Dover, and as such took the goods on a writ of attachment in favor of the plaintiff, on which execution was afterwards recovered, and that the goods were sold by him, and the proceeds applied in part payment of the execution.

The defendant proved the facts stated in his brief statement. It also appeared that the plaintiff had not worn or used either of the coats aforesaid for more than a month before the defendant took them. There was much evidence as to what other clothing the plaintiff had at the time.

The only question in the case was, whether these coats were exempted from attachment under the clause in the statute for the ease and relief of poor debtors, exempting "the wearing apparel necessary for immediate use."

The court instructed the jury that the statute exempted

an outside, or great coat, from attachment at all times and seasons of the year; and that in addition to decent and comfortable every day wearing apparel, a full suit, suitable to wear abroad, or to meeting, was exempted from attachment.

The court also instructed the jury, that if they found for the plaintiff, they must not, on the question of damages, take into consideration the fact, that the proceeds of the sale of the coats aforesaid had been applied to the payment of an execution against the plaintiff.

A verdict was returned for the plaintiff, and the defendant moved for a new trial, on the ground of misdirection of the court.

*Hale & Woodman*, for the plaintiff.

*Christie*, for the defendant.

Upham, J.    Since the passage of the original act for the ease and relief of poor debtors, various amendments have been made to it from time to time; and the uniform course of legislation upon the subject has been to increase and enlarge the relief originally granted.   There is no reason to believe that the legislature at any time designed to give a rigid and narrow construction to the provisions adopted by them.    Such a construction would operate neither for the benefit of the creditor, or debtor, while there can be no doubt the course of legislation upon this subject was designed to be for the benefit of both.

It would be a very limited construction of the provision of the statute, exempting the wearing apparel necessary for immediate use from attachment, which would graduate the relief by the variations of the thermometer, and give one rule for a cold, another for a warm, or another for a wet day.

The wearing apparel necessary for immediate use must be such an amount of clothing as is necessary to meet the varying changes of our climate, and the customary habits

and ordinary necessities of the mass of the people. The clothing worn by the individual while about his daily toil might be all that was necessary for the time, but be wholly insufficient when such labor ceased ; and the clothing suitable and proper for days of labor might not be such as the common sentiment of the community would deem necessary and proper for use on days set apart for religious assembling and worship ; a common privilege, which our laws accord to all, and which it deems necessary to all.

A suitable overcoat, also, is no luxury but a necessity ; always required to be on hand, as a protection against the frequent changes and inclement seasons of our climate. We regard, then, the instructions of the court as fully within the requirements of the statute ; and that, in the words of the charge, the statute is designed to exempt from attachment, as necessary wearing apparel, " an outside, or great coat, at all seasons of the year ; and, in addition to decent and comfortable every-day wearing apparel, a full suit, suitable to wear abroad or to meeting."

As to the second point raised in the case, it is quite clear that applying the proceeds of the property, thus illegally and tortiously taken, in part payment of an execution recovered against the defendant, can in no manner be offered as a defence to this suit.

*Judgment for the plaintiff.*